UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **JOHN LABEE,** *Plaintiff* § § § | |
| v. § | No. 1-24-CV-00161-RP |
| § | |
| **HILLCREST BANK NBH CHRIS RANDLE,** *Defendant* § § § | |

## ORDER AND REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ROBERT PITMAN
      UNITED STATES DISTRICT JUDGE

The undersigned submits this report and recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is plaintiff John Labee's application to proceed *in forma pauperis*. Dkt. 1. Because Labee is requesting permission to proceed *in forma pauperis*, the undersigned must review and make a recommendation on the merits of his claims pursuant to 28 U.S.C. § 1915(e).

### I.    REQUEST TO PROCEED *IN FORMA PAUPERIS*

The Court has reviewed Labee's financial affidavit and determined Labee is indigent and should be granted leave to proceed *in forma pauperis*. Accordingly, the Court hereby **GRANTS** Labee's request for *in forma pauperis* status, Dkt. 2. The

1

Clerk of the Court shall file the complaint without payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Labee is further advised that, although he has been granted leave to proceed *in forma pauperis*, a court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, the undersigned has made a § 1915(e) review of the claims made in this complaint and recommends that Labee's claims be dismissed under 28 U.S.C. § 1915(e). Therefore, service upon defendant should be withheld pending the District Court's review of the recommendations made in this report. If the District Court declines to adopt the recommendations, then service should be issued at that time upon defendant.

## II.  REVIEW OF THE MERITS OF THE CLAIM

Because Labee has been granted leave to proceed *in forma pauperis*, the undersigned is required by statute to review his complaint. Section 1915(e)(2) provides in relevant part that "the court shall dismiss the case at any time if the court determines that … the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*,

490 U.S. 319, 325 (1989); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327.

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, pro se status does not offer a plaintiff an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Labee claims that defendant Hillcrest Bank breached its fiduciary duties to Labee and engaged in racial discrimination based on the comments of Chris Randall, presumably an employee of Hillcrest Bank. Dkt. 1, at 2-3. Labee, who is a client of Hilcrest Bank, alleges that Randall told him "your past don't make it any better boy we are go[]nna do this old school." *Id.* at 3. Labee doesn't include the context in which this statement was made but contends that it was motivated by his race and caused him "significant harm, emotional distress, and financial loss." *Id.* Labee seeks injunctive relief as well as monetary damages of ten million dollars. *Id.*

Labee brings a claim for breach of fiduciary duty. The elements of a claim for breach of fiduciary duty under Texas law are: 1) the existence of a fiduciary duty, (2) breach of the duty, (3) causation, and (4) damages. *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 220 (Tex. 2017). Initially, Labee failed to sufficiently plead the existence of a fiduciary duty between him and Hillcrest Bank given that under Texas law the "relationship between a bank and its customers []

3

does not generally create a special or fiduciary relationship." *Berry v. First Nat'l Bank of Olney*, 894 S.W.2d 558, 560 (Tex. App.—Fort Worth 1995, no pet.); *see also Matter of Life Partners Holdings, Inc.*, 926 F.3d 103, 125 (5th Cir. 2019) ("[B]ecause the duty owed is contingent on the nature of the fiduciary relationship, the plaintiff must plead some facts as to the nature of the relationship to state a plausible claim that that a fiduciary duty has been breached."). Moreover, Labee states that Hillcrest Bank's "actions directly harmed plaintiffs and violated the applicable banking regulations," yet fails to identify how the bank harmed him or what banking regulations Hillcrest Bank violated. Dkt. 1, at 2-3. The undersigned recommends that the District Court dismiss Labee's breach of fiduciary duty claim.

Labee also brings a claim for race discrimination in violation of 42 U.S.C. § 1981. To plead a claim under section 1981, a plaintiff must allege that: "(1) he or she is a member of a racial minority; (2) the defendant had an intent to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute; in this case, the making and enforcing of a contract." *Bellows v. Amoco Oil Co.*, 118 F.3d 268, 274 (5th Cir. 1997) (citation omitted). Here, Labee has similarly failed to sufficiently plead this claim because he does not identify in his complaint how Randall's comment, though unpleasant, impacted Labee's ability to make or enforce a contract. Dkt. 1, at 3; *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 470, (2006) ("Any § 1981 claim [] must initially identify an impaired "contractual relationship," § 1981(b), under which the plaintiff has rights."). The undersigned recommends that the District Court dismiss Labee's section 1981 claim.

4

## III.     ORDER AND RECOMMENDATION

The undersigned hereby **GRANTS** Labee's application to proceed *in forma pauperis*. Dkt. 2. The undersigned **RECOMMENDS** the District Court **DISMISS** Labee's cause of action pursuant to 28 U.S.C. § 1915(e)(2)(B).

The referral of this case to the Magistrate Judge should now be canceled.

## IV.     WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED October 2, 2024.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE